**Date Signed:**
**December 23, 2024**




IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF HAWAII

| In re<br><br>PAC BUILD, LLC,<br><br>Debtor and debtor-in-possession. | Case No. 24-00588<br><br>(Chapter 11) (Subchapter V)<br><br>Confirmation Hearing<br>Dates: December 9, 2024<br>Time: 2:00 p.m.<br>Judge: Hon. Robert J. Faris<br><br>[Related to dkt. ## 67, 73, 81-83] |
|---|---|

**FINDINGS OF FACT AND CONCLUSIONS OF LAW IN SUPPORT OF ORDER CONFIRMING SMALL BUSINESS DEBTOR'S PLAN OF REORGANIZATION**

The *Small Business Debtor's Plan of Reorganization* [ECF No. 67] (as supplemented by Plan Supplement [ECF No. 73], and as further supplemented, modified or amended by the Confirmation Order, together with all schedules and exhibits thereto (the "Plan")),[1] filed by PAC BUILD, LLC, the above-captioned

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Plan.



U.S. Bankruptcy Court - Hawaii #24-00588 Dkt # 91 Filed 12/23/24 Page 1 of 17

debtor (the "Debtor"), came on for hearing December 9, 2024 (the "Confirmation Hearing"), before the Honorable Robert J. Faris, United States Bankruptcy Judge for the District of Hawaii ("Court"). Appearances are noted in the record.

Having considered all the pleadings and evidence filed in support of confirmation, all the objections to confirmation of the Plan having been resolved as reflected in the Confirmation Order or otherwise overruled, and based on the record in this case, the arguments and representations of counsel, and good cause appearing, the Court now makes the following Findings of Fact and Conclusions of Law:

## **FINDINGS OF FACT**

1. PAC BUILD, LLC, is the debtor and debtor-in-possession in Case No. 24-00588, which was commenced with the filing of a voluntary petition for relief under Subchapter V of Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in this Court on July 1, 2024 ("Chapter 11 Case").

2. The Debtor is a "debtor" within the meaning of section 1182(1) of the Bankruptcy Code.

3. At a status conference held on August 27, 2024, the Court set certain deadlines, including a Confirmation Hearing date of December 9, 2024 and set certain deadlines in connection with the Confirmation Hearing. *See* dkt # 61.

4. The Debtor filed its *Small Business Debtor's Plan of Reorganization* on September 27, 2024 (the "Plan"). *See* dkt. # 67.

5. The following items were transmitted to creditors and parties in interest: (a) the Plan, (b) the notice of the Confirmation Hearing, and (c) a ballot (if applicable). All of said documents were transmitted to the appropriate parties before the deadline set by the Court of October 7, 2024, as reflected on the Certificates of Service filed on the docket for this Chapter 11 Case. *See* dkt. ## 69-72. Such service was adequate and proper as provided by the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), and no other or further notice is or shall be required.

6. On October 31, 2024, the Debtor amended its Plan Supplement. *See* Dkt # 73. The Debtor mailed copies of the Plan Supplement to the appropriate parties on or before November 4, 2024, as reflected on the Certificate of Service filed on the docket for this Chapter 11 Case. *See* dkt. # 79.

7. On November 3, 2024, Kevin Lam, the Subchapter V Trustee for the Debtor, submitted his *Subchapter V Trustee's Statement Regarding Palnt* recommending confirmation of the Plan. *See* dkt. # 74.

8. On November 19, 2024, the Department of Taxation for the State of Hawaii filed an objection to the Plan (the "DoTax Objection"). *See* dkt. # 75. This objection was subsequently withdrawn. *See* dkt. #80.

9. On November 25, 2024, the UST filed an objection to the Plan (the "Initial UST Objection"). *See* dkt. # 78. No other objections to the Plan were filed.

10. On December 2, 2024, the Debtor filed its: (1) *Confirmation Brief Small*

*Business Debtor's Plan of Reorganization*; (2) the *Declaration of Tyler Rodghiero in Support of Confirmation of Small Business Debtor's Plan of Reorganization* (the "Rodighiero Declaration"); and (3) the *Declaration of Allison A. Ito Regarding Tabulation of Ballots and in support of Confirmation of [the Plan]* (the "Ballot Tabulation"). *See* dkt. ## 81-83. The Ballot Tabulation showed that all six votes cast were in favor of accepting the Plan, and that Classes 1, 7 and 8 voted to accept the Plan.

11. This Court takes judicial notice of the docket of the Chapter 11 Case maintained by the Clerk of Court, including, without limitation, all pleadings and other documents filed, all orders entered, and evidence and argument made, proffered, or adduced at the hearings held before the Court during the pendency of the Chapter 11 Case.

12. To the extent not resolved pursuant to the Confirmation Order or withdrawn, all objections to the confirmation of the Plan are overruled in all respects as set forth herein.

**Bankruptcy Code Requirements for Confirmation and Classification**

13. The Debtor has the burden of proving the elements of section 1129 of the Bankruptcy Code by a preponderance of evidence and has done so as set forth herein.



U.S. Bankruptcy Court - Hawaii #24-00588 Dkt # 91 Filed 12/23/24 Page 4 of 17

14. The Plan provides that Administrative Claims will be paid in full, on the later of the Effective Date of the Plan or (if applicable) the date such Administrative Claims are allowed by the Bankruptcy Court.

15. The Plan designates eight (8) Classes of Claims and one Class of Equity Interests. The Claims and Equity Interests placed in each Class are substantially similar to other Claims and Interests, as the case may be, in each such Class. Valid business, factual, and legal reasons exist for separately classifying the various classes of claims and Interests created under the Plan.

16. The Plan specifies that Classes 2, 3, 4, 5, 6, and 9 are not impaired under the Plan, thereby satisfying section 1123(a)(2) of the Bankruptcy Code. Said Classes are deemed to have accepted the Plan because they are not impaired under the Plan.

17. The Plan designates that Classes 1 (First Hawaiian Bank), 7 (general unsecured class), and 8 (convenience class claims) are impaired, and specifies the treatment of Claims in those Classes, thereby satisfying section 1123(a)(3) of the Bankruptcy Code.

18. Votes to accept and reject the Plan have been solicited from Creditors holding Claims in Classes 1 (First Hawaiian Bank), 7 (general unsecured class), and 8 (convenience class claims). Such votes were solicited and tabulated fairly, in good faith, and in a manner consistent with the Bankruptcy Code, the Bankruptcy Rules, the Solicitation Order, and bankruptcy practices.



U.S. Bankruptcy Court - Hawaii #24-00588 Dkt # 91 Filed 12/23/24 Page 5 of 17

19. As set forth in the Ballot Tabulation, Classes 1, 7 and 8 have voted to accept the Plan, pursuant to Section 1126(c) of the Bankruptcy Code.

**Treatment of Claims**

20. The Holder of the Allowed FHB Secured Claim (Class 1), the Holder of the Allowed Ally Secured Claim (Class 2); Holder of the Allowed Ford Secured Claim (Class 3), Holder of the Allowed Leaf Secured Claim (Class 4), Holder of the Allowed Synchrony Bank Secured Claim (Class 5), and Holders of Allowed Employee Priority Claims (Class 6) will receive at least as much as they would receive in a case under chapter 7 with respect to those Claims. The treatment of Classes 1 through 6 is fair and equitable and does not unfairly discriminate against said Classes.

21. The Holders of the Allowed General Unsecured Claims (Class 7) and the Holders of the Allowed convenience class claims (Class 8) will receive more than what they would receive in a case under chapter 7 with respect to those Claims, because if the assets of the Debtor were liquidated outright, said Classes would not receive a distribution. The treatment of Classes 7 and 8 is fair and equitable and does not unfairly discriminate against said Classes.

**Equity Interests**

22. The Holders of Allowed Equity Interests in Class 9 will retain their Equity Interests under the Plan.



U.S. Bankruptcy Court - Hawaii #24-00588 Dkt # 91 Filed 12/23/24 Page 6 of 17

23. The Plan provides for the same treatment of each Claim or Equity Interest in each respective Class, unless the Holder of a particular Claim or Equity Interest has agreed to a less favorable treatment of such Claim or Equity Interest, thereby satisfying section 1123(a)(4) of the Bankruptcy Code.

**Means of Implementation**

24. The Plan provides for adequate and proper means for its implementation through the Debtor's available cash. *See* dkt # 67 at § 2.5. The provisions governing the making of distributions and payments, the distribution procedures, mechanisms and proposed allocations are necessary, fair, reasonable and appropriate. The Debtor has shown through projections annexed to the Plan that it will have sufficient available cash to implement the Plan.

25. The Debtor has demonstrated adequate assurance of future performance with respect to any assumed executory contracts and leases pursuant to Bankruptcy Code section 365. No party to an executory contract has objected to the Plan or the assumption of any executory contract.

26. The Debtor has exercised sound and considered business judgment in the formulation of the Plan. The Debtor has demonstrated sound business purpose and justification for the Plan, pursuant to Bankruptcy Code section 363(b).

27. Any finding of fact subsequently determined to be a conclusion of law shall be deemed a conclusion of law.



U.S. Bankruptcy Court - Hawaii #24-00588 Dkt # 91 Filed 12/23/24 Page 7 of 17

28. This proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

29. This Court has jurisdiction over this Chapter 11 Case, pursuant to sections 157 and 1334 of title 28 of the United States Code. Venue is proper pursuant to sections 1408 and 1409 of title 28 of the United States Code. Confirmation of the Plan is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(L), and this Bankruptcy Court has exclusive jurisdiction over all of the Debtor's assets and to determine whether the Plan complies with the applicable provisions of the Bankruptcy Code and should be confirmed.

**Confirmation Requirements**

**Consensual Plan: Section 1191(a) and Section 1129(a)**

30. Because the three impaired classes (Classes 1 (First Hawaiian Bank), 7 (general unsecured creditors), and 8 (convenience class)) voted to accept the Plan, the Debtor's Plan may be confirmed as a "consensual plan" within the meaning of Section 1191(a) provided all the requirements of Section 1129(a), other than 1129(a)(15), are met.

31. The Plan satisfies the requirements for confirmation set forth in sections 1129, 1190 and 1191 of the Bankruptcy Code.

**Section 1129(a)(1)**

32. The Plan complies with the applicable provisions of the Bankruptcy Code, as set forth below, thereby satisfying section 1129(a)(1) of the Bankruptcy

Code.

(a) The Plan properly places substantially similar Claims and Equity Interests in each Class and designates such Classes of Claims and Equity Interests as impaired or unimpaired, thereby satisfying sections 1122 and 1123(a)(1) of the Bankruptcy Code;

(b) The Plan specifies the treatment of each Class that is not impaired, thereby satisfying section 1123(a)(2) of the Bankruptcy Code;

(c) The Plan specifies the treatment of each Class that is impaired, thereby satisfying section 1123(a)(3) of the Bankruptcy Code;

(d) The Plan provides for the same treatment for each Claim or Equity Interest in a particular Class, unless the holder thereof agrees to a less favorable treatment, thereby satisfying section 1123(a)(4) of the Bankruptcy Code;

(e) The Plan includes the adoption and implementation of all corporate actions necessary to implement the Plan and the execution of all documents and the implementation of all actions as required with respect to and in accordance with the Plan provisions, thereby satisfying section 1123(a)(5) of the Bankruptcy Code;

(f) Section 1123(a)(6) of the Bankruptcy Code does not apply to the Debtor or the Plan;

(g) The Debtor has disclosed the identity of the managers of



U.S. Bankruptcy Court - Hawaii #24-00588 Dkt # 91 Filed 12/23/24 Page 9 of 17

the Reorganized Debtor, consistent with the interests of Creditors, Holders of Equity Interests, and public policy in accordance with section 1123(a)(7) of the Bankruptcy Code;

(h) The Plan's provisions are appropriate and not inconsistent with the applicable provisions of the Bankruptcy Code; and

(i) The Plan is dated and identifies the Debtor as proponent, thereby satisfying Bankruptcy Rule 3016(a).

**Section 1129(a)(2)**

33. The Debtor, as proponent of the Plan, has complied with the applicable provisions of the Bankruptcy Code, thereby satisfying section 1129(a)(2) of the Bankruptcy Code.

(a) The Debtor is a proper debtor under section 109 of the Bankruptcy Code;

(b) The Debtor has complied with applicable provisions of the Bankruptcy Code, except as otherwise provided or permitted by orders of this Court; and

(c) The Debtor complied with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Solicitation Order in transmitting the Plan, and related documents and notices.

**Section 1129(a)(3)**

34. The Debtor has proposed the Plan in good faith and not by any means forbidden by law, thereby satisfying section 1129(a)(3) of the Bankruptcy Code. The Plan was proposed with the legitimate and honest purpose of maximizing the value of the Debtor's Estate, to satisfy substantial obligations of the Debtor, and to effectuate a successful reorganization of the Debtor. The good faith of the Debtor is evident from the facts and records of this case, the Plan, the record of the Confirmation Hearing and other proceedings held in this case.

**Section 1129(a)(4)**

35. Any payment made or to be made by the Debtor for services or for costs and expenses in or in connection with the Debtor's Chapter 11 Case, or in connection with the Plan and incident to the Debtor's Chapter 11 Case, has been approved by, or is subject to the approval of, the Court as reasonable, thereby satisfying section 1129(a)(4) of the Bankruptcy Code.

**Section 1129(a)(5)**

36. The Debtor has complied with section 1129(a)(5) of the Bankruptcy Code. The identity of the individuals who will serve as the managers of the Reorganized Debtor as of the Effective Date has been fully disclosed. The appointment to, or continuation in, such offices of such person is consistent with the interests of Holders of Claims against, and Equity Interests in, the Debtor and with



U.S. Bankruptcy Court - Hawaii #24-00588 Dkt # 91 Filed 12/23/24 Page 11 of 17

public policy. The identity of any Insider that will be employed or retained by the Reorganized Debtor after the Effective Date and the nature of such Insider's compensation have also been fully disclosed.

**Section 1129(a)(6)**

37. Section 1129(a)(6) of the Bankruptcy Code is not applicable to this Debtor.

**Section 1129(a)(7)**

38. The Plan satisfies section 1129(a)(7) of the Bankruptcy Code. The liquidation analysis annexed as Exhibit C to the Plan: (a) is persuasive and credible, (b) has not been controverted by other evidence, and (c) establishes that each Holder of a Claim or Equity Interest in an impaired Class that has either: (i) accepted the Plan, (ii) not opposed confirmation of the Plan, or (iii) will receive or retain under the Plan, on account of such Claim or Equity Interest, property of a value, as of the Effective Date, that is not less than the amount that Holder would receive or retain if the Debtor was liquidated under chapter 7 of the Bankruptcy Code on such date.

**Section 1129(a)(8)**

39. Creditors with Allowed Claims in Classes 2 through 6 (inclusive), and Holders of Equity Interests in Class 9, respectively, are unimpaired and, therefore, conclusively presumed to have accepted the Plan under section 1126(f) of the Bankruptcy Code. Holders of FHB secured claim (Class 1), General Unsecured



U.S. Bankruptcy Court - Hawaii #24-00588 Dkt # 91 Filed 12/23/24 Page 12 of 17

Claims (Class 7), and Convenience Claims (Class 8) are impaired and entitled to vote on the Plan. As detailed in the Ballot Tabulation, Class 1, 7, and 8 voted in favor of the Plan. Accordingly, the requirements of Section 1129(a)(8) of the Bankruptcy Code are either not applicable to a debtor in a Subchapter V proceeding, or have been satisfied.

**Section 1129(a)(9)**

40. The treatment of the Administrative Claims and Priority Tax Claims under the Plan, as may be modified in accordance with the provisions of the Confirmation Order, satisfies the requirements of Bankruptcy Code section 1129(a)(9).

**Section 1129(a)(10)**

41. Section 1129(a)(10) requires that at least one class of claims that is impaired under the plan has voted to accept the plan, determined without including any acceptance of the plan by any insider. 11 U.S.C. § 1129(a)(10). As set forth in the Ballot Tabulation, Classes 1, 7 and 8 voted to accept the Plan. Therefore, Section 1129(a)(10) is satisfied.

**Section 1129(a)(11)**

42. The evidence proffered, adduced, or presented in support of the confirmation of the Plan, both prior to and at the Confirmation Hearing, including the Rodighiero Declaration (a) is persuasive and credible, (b) is feasible, and (c) establishes that confirmation and consummation of the Plan is not likely to be



U.S. Bankruptcy Court - Hawaii #24-00588 Dkt # 91 Filed 12/23/24 Page 13 of 17

followed by the liquidation, or the need for further financial reorganization, of the Debtor, thus satisfying the requirements of section 1129(a)(11) of the Bankruptcy Code.

43. In order to satisfy section 1129(a)(11) of the Bankruptcy Code, the Debtor need not prove that there is an absolute certainty that the conditions to confirmation will be met. On the contrary, the Debtor need only show that the Plan offers a reasonable assurance of success. The Plan's projections show that Reorganized Debtor will have adequate capital and net operating income to meet its ongoing obligations. Thus, the Plan has the requisite level of likelihood of success.

**Section 1129(a)(12)**

44. The Debtor's Chapter 11 Case is proceeding under Subchapter V, and as such, the Debtor is not required to pay fees payable under section 1930 of title 28, United States Code, as determined by the Bankruptcy Code. Thus, the Debtor need not satisfy the requirements of Bankruptcy Code section 1129(a)(12).

**Section 1129(a)(13)**

45. Section 1129(a)(13) of the Bankruptcy Code, which requires a plan to provide for the continuation of payment of all "retiree benefits" does not apply to this Debtor.

**Other Matters**

46. The principal purpose of the Plan is not the avoidance of taxes or the



U.S. Bankruptcy Court - Hawaii #24-00588 Dkt # 91 Filed 12/23/24 Page 14 of 17

avoidance of the application of Section 5 of the Securities Act of 1933. No governmental agency, with standing, to raise an objection, has, in fact, raised any such objection pursuant to Bankruptcy Code section 1129(d), or sought to deny confirmation of the Plan on the ground that the principal purpose of the Plan is the avoidance of taxes. Thus, there is strong evidence that the principal purpose of the Plan is not tax avoidance.

47. Based on the record before the Court in this Chapter 11 Case, the Debtor and its respective employees, officers, members, directors, agents, shareholders, and representatives, and any professional persons employed or formerly employed by any of them, have acted in "good faith" within the meaning of Bankruptcy Code section 1125(e) in compliance with the applicable provisions of the Bankruptcy Code and Bankruptcy Rules in connection with all their respective activities relating to the solicitation of acceptances to the Plan and their participation in the activities described in section 1125 of the Bankruptcy Code, and are entitled to the protections afforded by section 1125(e) of the Bankruptcy Code.

48. Each term and provision of the Plan is valid and enforceable pursuant to its terms.

49. The Debtor has satisfied the requirements of Bankruptcy Code section 365(b)(1) in connection with the assumption of any Assumed Executory Contracts. Each of the Assumed Executory Contracts is an executory contract or an unexpired



U.S. Bankruptcy Court - Hawaii #24-00588 Dkt # 91 Filed 12/23/24 Page 15 of 17

lease of the Debtor under Bankruptcy Code section 365. All conditions under Bankruptcy code section 365 for the assumption by the Debtor of each Assumed Executory Contract to which it is a party have been satisfied.

50. The Bankruptcy Court may properly retain jurisdiction over the matters set forth in Article 6.4 of the Plan and Bankruptcy Code section 1142. It is appropriate for the Court to retain jurisdiction to: (a) enforce and implement the terms and provisions of the Plan; (b) enforce any Assumed Executory Contracts; (c) enforce the default remedies afforded to creditors under the Plan; and (d) resolve any disputes arising under or related to the Plan.

51. Pursuant to Bankruptcy Code section 1146(c): (a) any issuance, transfer, or exchange of notes or equity securities under the Plan; or (b) the creation of any mortgage or other security interest in furtherance of, or in connection with, the Plan shall not be subject to any stamp tax, recording tax, conveyance tax, personal property transfer tax, real estate transfer tax, sales or use tax, or other similar tax.

52. In accordance with section 1123(b)(3)(A) of the Bankruptcy Code and Bankruptcy Rule 9019, and in consideration for the distributions and other benefits provided under the Plan, the provisions of the Plan constitute a good-faith compromise of all Claims that all Holders of Claims may have with respect to any Allowed Claim or any distribution to be made on account of such Allowed Claim.

The compromise and settlement of such Claims embodied in the Plan, if any, are proper, fair, equitable, and reasonable and in the best interests of the Debtor, the Estate, and all Holders of Claims.

53. Any conclusion of law later determined to be a finding of fact shall be deemed a finding of fact.

54. Based on the foregoing findings and conclusions, it is appropriate for the Court to enter the Confirmation Order.

**END OF FINDINGS OF FACT CONCLUSIONS OF LAW**

Submitted by:

CHOI & ITO,
Attorneys at Law
CHUCK C. CHOI
ALLISON A. ITO
700 Bishop Street, Suite 1107
Honolulu, Hawaii 96813
Tel: (808) 533-1877
Fax: (808) 566-6900
E-mail: cchoi@hibklaw.com
aito@hibklaw.com

Attorneys for Debtor and Debtor-in-Possession